UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X          DOCKET NO. _____
ERICK'S MINI MARKET CORP.,
                                        Plaintiff(s),
         -against-
                                       **COMPLAINT**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                                  Defendant(s)
-----------------------------------------------------------------X

      **THE PLAINTIFFS,** ERICK'S MINI MARKET CORP., by their attorneys**,** the Law

Office of VICTOR J. MOLINA, as and for its Complaint herein, allege the following:


## SUMMARY OF CLAIMS

      1.      This action seeks a de novo judicial review challenging the disqualification from

the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa

Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7

C.F.R. § 279.7(a) and a stay of disqualification pending resolution of this matter. The Order

for which review is denoted "Final Agency Decision" and was dated April l 4, 2020, by the

U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia,

Case Number: C0210080, captioned ERICK'S MINI MARKET CORP., Appellant, v. FNS

Retailer Operations Division, Respondent. *(See Exhibit "A.")* The Order was sent via United

Parcel Service and delivered on April 20, 2020. *(UPS Delivery sticker and on-line tracking*

*information attached as Exhibit "A-i.")*

      2.      A retail food store disqualified or fined under the Food Stamp Act may bring an

action for judicial review challenging the penalty by filing a complaint against the United

States in federal district court within 30 days of receipt of the decision. See 7 C.F.R. §

279.7(a). The 30-day period runs through February 29, 2020.

3.    The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

4.    This action arises under 7 C.F.R. § 279.7.

5.    This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the Southern District of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both ERICK'S MINI MARKET CORP. and ANGEL LUIS SOTO are residents within the jurisdiction of the U.S. Southern District of New York.

## PARTIES

6.    Plaintiff ERICK'S MINI MARKET CORP. is a New York corporation with principal place of business 59 Mount Vernon Avenue , Mount Vernon, NY 10550. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7.    ANGEL LUIS SOTO is the sole officer and president of the corporation, ERICK'S MINI MARKET CORP. As president and only corporate officer ANGEL LUIS SOTO is fully vested with the actual powers to bind the company in this action.

8.    ERICK'S MINI MARKET CORP., denies the allegations raised by the United States Department of Agriculture, against the retailer. The chronology of events pertaining to the U.S.D.A.'s administrative action against the retailer are not in dispute. The U.S.D.A. Food and Nutrition Service, Alexandria, Va. Field Office, issued a Charging Letter dated October

17, 2019, whereby the Department charged ERICK'S MINI MARKET CORP. with misuse of SNAP benefits in violation of 7 C.F.R. 278.2(a) of the Supplemental Nutrition Assistance Program ("SNAP") regulations. *(See Exhibit "B.")* It is important to note that the agency did not charge the defendants with trafficking in violation of 7 C.F.R. 278.6(e)(1).

9.     ANGEL LUIS SOTO and ERICK'S MINI MARKET CORP. promptly denied the allegations raised and applied for a hardship civil money penalty (CMP), in lieu of any suspension or disqualification, pursuant to Section 278.6(f)(1) of the Regulations in a letter sent on October 28, 2019, via Fax and Mail to the U.S.D.A., Alexandria, Va. Field Office. Attached to the letter were records of SNAP training sessions attended by employees. *(See Exhibit "C.")*.

10.    In a letter dated November 26, 2019, the FNS Retailer Operations Division acknowledged receipt of Plaintiff's Reply and notified Plaintiff that it had determined that violations had occurred at the establishment, and that a six-month period of disqualification from participating in SNAP was warranted. The Disqualification letter also stated that Plaintiff was ineligible for a hardship CMP. *(See Exhibit "D.")*

11.    By letter dated December 23, 2019, Plaintiff timely sent a Request for Administrative Review to the U.S.D.A., Food and Nutrition Service Administrative Review Branch, in Alexandria, Virginia. ANGEL LUIS SOTO and ERICK'S MINI MARKET CORP. challenged the disqualification issued by the Field Office. *(See Exhibit "E.")*

12.    In a letter dated December 23, 2019, the U.S.D.A., Food and Nutrition Service acknowledged Plaintiff's timely submission of the Request for Administrative Review. *(See Exhibit "F.")*

13.    In a decision denoted "Final Agency Decision," dated  April l 4, 2020 and delivered on April 20, 2020, the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, sustained the decision of the Field Office imposing a six-month disqualification of ERICK'S MINI MARKET CORP. from participating in the SNAP

Program. *(See Exhibit "A")* Proof of Delivery information, including tracking information from UPS.com is attached as ***Exhibit "A-i."***

14.     ERICK'S MINI MARKET CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

15.     The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). The 30-day period runs through February 29, 2020.

## THE DECISION IS BASED ON ERRONEOUS FINDINGS AND AN ABSENCE OF FACTS

16.     The Final Agency Decision states that "Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a)."

17.     The reports cited in the Decision are deficient in that they fail to clearly establish that any ineligible items were sold in exchange for SNAP benefits. First, there were allegedly six visits in which investigators from the FNS Department visited the store as part of their undercover "sting" operation. FNS alleges that in four of those visits there were violations warrant a disqualification period of 6 months. The Department provides a "Report of Positive Investigation" from an "Investigator" whose name is redacted. Not only is the investigator's identity redacted, but the Report does not show evidence of any signature.

18.     The Individual Investigative Transaction Reports, delineated as Transactions "A," "B," "C," "D," "E" and "F" are also deficient. The Transaction Reports acknowledge that in the transaction delineated as "C," the store clerk explicitly refused to sell any ineligible items for SNAP benefits. The reports from the other transactions are ambiguous. The investigator makes no specific mention of any non-eligible items being purchased in exchange for SNAP benefits. There's only a tangential statement that "The clerk made no mention of the non-food

item being purchased using SNAP benefits." The second page of each Transaction Report shows that several items were presented for purchase, but prices are show for only some of the items. So it is impossible to tell if any ineligible items were charged to the FNS SNAP accounts.

19.     The investigator acknowledges in Transaction report "F," that he attempted to obtain cash from the store in exchange for SNAP benefits, but it each case, he was rebuffed by the store clerk.

20.     FNS also redacted the name of the investigator and even the time of day when the purchases were made, making it difficult for the respondent (the plaintiff herein) to track down the transactions for his response.

21.     Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

22.     ERICK'S MINI MARKET CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

23.     The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). This complaint and Order to Show Cause are filed within that deadline.

**WHEREFORE**, the plaintiffs request that the Court grant the following relief:

1.     That the Court stay the disqualification of Plaintiffs from the SNAP program pending a hearing on this matter.

2.      That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7 C.F.R.§ 279.7(c); see also <u>Ai Hoa Supermarket, Inc. v. United States</u>, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987).

3.      Grant such and other relief as the Court may deem proper.

Dated: Bronx, New York

     May 19, 2020

Benjamin Sharav
BS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X    DOCKET NO. _____

ERICK'S MINI MARKET CORP.,

                      Plaintiffs,

        -against-                **VERIFICATION**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                      Defendant(s)
-------------------------------------------------------------------X


STATE OF NEW YORK    }
                         }SS:
COUNTY OF BRONX    }

        ANGEL LUIS SOTO, being duly sworn, deposes and states:

1.      I am the president of ERICK'S MINI MARKET CORP., the corporate plaintiff in this action.

2.      I have read the within complaint prepared by my attorney and know the contents thereof. The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Bronx, N.Y.


                                      ANGEL LUIS SOTO


Subscribed and sworn to before me on
May 19, 2020.

**BENJAMIN SHARAV**
Notary Public, State of New York
No. 02SH6192942
Qualified in NEW YORK COUNTY
Commission Expires 9/08/2020

# UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISRTICT OF NEW YORK

-----------------------------------------------------------X

ERICK'S MINI MARKET CORP.,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant

-----------------------------------------------------------X

DOCKET NO.  **2018 CV** _____

## COMPLAINT

Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

To: United States Attorney's Office
Southern District of New York
Civil Division
86 Chambers Street / 3rd Floor
New York, NY 10007
Tel.: (212) 637-2800
Fax.: (212) 637-2750

United States Department of Agriculture
Food and Nutrition Service
Administrative Review Branch
3101 Park Center Drive, 4th Floor
Alexandria, VA 22302

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ERICK'S MINI MARKET CORP.,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,

Defendant(s)
-----------------------------------------------------------------X

DOCKET NO.  _____

**Rule 7.1 Statement**

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for ERICK'S MINI MARKET CORP. certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

None.

Dated: Bronx, N.Y.
       May 19, 2020

Benjamin Sharav
BS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600
Juris_ben@msn.com
v.j.molina@verizon.net